# EXHIBIT A

Case 1:21-cv-02992-PAC   Document 1-1   Filed 04/07/21   Page 2 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------ x

MADISON SHIVER,                                          **SUMMONS**

                            Plaintiff,       Index No.:

        -against-                                        The Basis of Venue is:
Location of Incident

THE CITY OF NEW YORK, NYPD POLICE OFFICER
RODRIGUEZ, Shield No. 3458, and NYPD POLICE            Plaintiff designates Bronx
OFFICERS JOHN/JANE DOES NUMBERS 1-10,                  County as the place of trial.

                         Defendants.

------------------------------------------------------------------------ X

**To the above named Defendants:**

      **You are hereby summoned** to answer the Verified Complaint in this action, and to serve
a copy of your Verified Answer to the Verified Complaint, or, if the Verified Complaint is not
served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within
twenty days after the service of this Summons, exclusive of the day of service, where service is
made by delivery upon you personally within the state, or, within 30 days after completion of
service where service is made in any other manner.  In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
        March 9, 2021

                    Yours, etc.

                    *Caitlin Robin*
                    CAITLIN ROBIN, ESQ.
                    CAITLIN ROBIN AND ASSOCIATES PLLC
                    Attorney for Plaintiff
                    30 Broad Street Suite 702
                    New York, New York 10004
                    (646)-524-6026

TO:   THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY  10007

       NYPD POLICE OFFICER RODRIGUEZ, SHIELD NO. 3458, 40th Precinct; 257
       Alexander Avenue, Bronx, NY 10454

Case 1:21-cv-02992-PAC   Document 1-1   Filed 04/07/21   Page 3 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------- X

MADISON SHIVER,

INDEX NO.:

Plaintiff,

VERIFIED COMPLAINT

-against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
RODRIGUEZ, Shield No. 3458, and NYPD POLICE
OFFICERS JOHN/JANE DOES NUMBERS 1-10,

JURY TRIAL DEMANDED

Defendants

-------------------------------------------------------------------- X

     Plaintiff MADISON SHIVER, by their attorneys, Caitlin Robin & Associates, PLLC, as and for their Verified Complaint herein, alleges upon information and belief as follows:

## **PRELIMINARY STATEMENT**

     1.    This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York.  On June 4th, 2020, at approximately 7:55 p.m., plaintiff MADISON SHIVER, while lawfully and peacefully protesting in the vicinity of East 136th Street and Brook Avenue in Bronx, New York, was subject to unlawful stop, frisk, search, false arrest, and false imprisonment by Defendant NYPD Officers.  In addition, Plaintiff was subjected to physical assault, battery, and use of excessive force by the defendant Officers, causing Plaintiff to suffer both physical and emotional injuries. Plaintiff was deprived of their constitutional and common law rights when the individual defendants unlawfully stopped, frisked, searched, assaulted, battered, subjected to excessive force, falsely arrested, falsely imprisoned, and denied Plaintiff the right to due process and fair trial in violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the common law and the laws of the State of New York.

## **PARTIES**

     2.    Plaintiff MADISON SHIVER (they/them) is a resident of the State of New York.

- 2 -

Case 1:21-cv-02992-PAC   Document 1-1   Filed 04/07/21   Page 4 of 18

3.     NYPD POLICE OFFICER RODRIGUEZ, Shield No. 3458, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

4.     NYPD POLICE OFFICER RODRIGUEZ, Shield No. 3458, was at all times relevant herein, assigned to the 40th Precinct.

5.     NYPD POLICE OFFICER RODRIGUEZ, Shield No. 3458, is being sued in her individual capacity.

6.     NYPD POLICE OFFICERS JOHN/JANE DOES, are and were at all times relevant herein, officers, employees, and agents of the New York City Police Department.

7.     NYPD POLICE OFFICERS JOHN/JANE DOES, are being sued in their individual and official capacities.

8.     At all times relevant herein, the individual defendant(s) were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

10.     Plaintiff in furtherance of their causes of action brought pursuant to New York State law filed a timely Notice of Claim against the CITY OF NEW YORK in compliance with the Municipal Law Section 50 and in accordance with New York State law.

11.     In accordance with New York State law and General Municipal Law Section 50, plaintiff testified at a hearing held pursuant to General Municipal Law Section 50-H on February 19, 2021.

12.     More than thirty (30) days have elapsed since service of said Notice of Claim was filed and THE CITY OF NEW YORK has failed to pay or adjust the claims.

13.     This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

- 3 -

14.     Plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## STATEMENT OF FACTS

15.     On June 4th, 2020, at approximately 7:55 P.M., Plaintiff was lawfully present in the vicinity of the intersection of East 136th Street and Brook Avenue in Bronx, New York, when the Defendant Police Officers unlawfully stopped, frisked, searched, assaulted, battered, arrested, and imprisoned Plaintiff without probable cause or legal justification.

16.     Plaintiff had joined a peaceful protest against police brutality in the Mott Haven area of the Bronx at approximately 6:30p.m. on the evening of June 4th, 2020.

17.     By approximately 7:55 p.m., the small crowd of protesters had reached the intersection of East 136th Street and Brook Avenue, where they were blocked from advancing further by defendant police officers dressed in riot gear.

18.     The protesters were ordered to disperse by defendant police officers, but were simultaneously flanked on all sides and kettled at the intersection by approximately 30 police officers, preventing them from leaving.

19.     Defendant Officers then charged the crowd of protesters, and Plaintiff was repeatedly punched in the torso by a male defendant officer, who then grabbed the plaintiff by their hair and slammed them face-first into the pavement.

20.     Plaintiff was pinned to the ground by the first defendant officer as at least one other officer joined in, punching the Plaintiff repeatedly in the back and upper legs.

21.     It was at this point that the defendant officers began to arrest the plaintiff, cuffing them with plastic zip cuffs as they were pinned to the pavement by a defendant officer kneeling on their back.

22.     Plaintiff committed no crime and was within their full First Amendment right to peacefully assemble and protest on June 4th, 2020.

23.     At no point during their unlawful arrest was the Plaintiff resistant or combative to Defendant Officers.

24.     Nevertheless, Plaintiff was arrested by defendant officers, tightly cuffed and pinned to the ground for several minutes by a defendant officer kneeling on their back, before finally being allowed to sit up on the pavement.

- 4 -

25.    After sitting on the ground in zip cuffs for approximately 45 minutes, Plaintiff was placed in the back of a police van with some of their fellow protesters and transported to the 40th Precinct against their will.

26.    Defendant Officer Rodriguez took Plaintiff's backpack, and Plaintiff expressed to the officer that they did not consent to a search. Defendant Officer Rodriguez ignored the Plaintiff and proceeded to search their property anyway.

27.    Upon arriving at the 40th Precinct, Plaintiff was left to sit in the police van for approximately an hour before defendant officers ultimately decided to transport the protesters to 1 Police Plaza instead.

28.    Plaintiff was then transported against their will to 1 Police Plaza where they were unlawfully fingerprinted, photographed, subjected to unlawful search, and detained - still in zip cuffs - in a holding cell.

29.    By this point the zip cuffs were digging into the Plaintiff's skin and creating visible lacerations, but their injuries were ignored by defendant officers.

30.    During their time at 1 Police Plaza, Plaintiff was kept in at least two (2) different holding cells, as well as a hallway full of fellow protesters. Many of these people were not wearing masks, and Plaintiff's own mask was still askew and not properly positioned as a result of the abrupt and violent arrest.

31.    The excessively tight zip cuffs were not removed from Plaintiff's wrists until after approximately 1:00 a.m.

32.    On June 5th, 2020 at approximately 2:00 a.m., Plaintiff was released from 1 Police Plaza with a desk appearance ticket.

33.    Thereafter, on or around September 4, 2020, all charges against Plaintiff were dismissed and sealed.

34.    Some of the police officer defendants observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably stopping, frisking, assaulting, battering, using excessive force upon, and unlawfully arresting and detaining the Plaintiff.

35.    The unlawful stop, frisk, assault, battery, use of excessive force, unlawful arrest, unlawful imprisonment, and denial of Plaintiff's right to peacefully assemble and protest by the individually named defendants caused Plaintiff to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

- 5 -

## **Violation of Plaintiff's First Amendment Rights**

36.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37.    The illegal block of demonstration employed by defendants herein terminated Plaintiff's right to peacefully assemble and protest through means intentionally applied.

38.    The conduct of defendants in stopping Plaintiff from peacefully protesting was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

39.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York and of the United States Constitution.

40.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of new York and the New York City Police Department, which are therefore responsible for their conduct.

41.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## **SECOND CAUSE OF ACTION**

## **Unlawful Stop**

42.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43.    The illegal approach, pursuit, and stop employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

44.    The conduct of defendants in stopping and blocking Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

45.    As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

- 6 -

46.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

47.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## THIRD CAUSE OF ACTION

## Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights

48.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49.     The individually named police officer defendants, while acting in concert and within the scope of their authority, caused Plaintiff to be seized, unlawfully searched, falsely arrested, falsely imprisoned, and maliciously prosecuted without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment of the United States.

50.     As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## FOURTH CAUSE OF ACTION

## False Arrest and False Imprisonment

51.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

53.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York and the United States Constitution.

- 7 -

54.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

55.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## FIFTH CAUSE OF ACTION

## Unlawful Stop and Frisk

56.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 55 with the same force and effect as if more fully set forth at length herein.

57.     The illegal approach, pursuit, stop and frisk employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

58.     The conduct of defendants in stopping, frisking, and searching Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

59.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

60.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

61.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION

## Unlawful Search

62.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63.     The illegal approach, pursuit, stop, and search employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

- 8 -

64.     Defendants lacked probable cause to search Plaintiff.

65.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

66.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

67.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SEVENTH CAUSE OF ACTION

### Violation of Plaintiff's Fifth and Fourteenth Amendment Rights
### Denial of Right to Fair Trial/Due Process

68.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 67 with the same force and effect as if more fully set forth at length herein.

69.     Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the Bronx County District Attorney's Office.

70.     Defendants filled out false and misleading police reports and forwarded them to prosecutors in the Bronx County District Attorney's Office.

71.     Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the Bronx County District Attorney's Office.

72.     In withholding/creating false evidence against Plaintiff MADISON SHIVER, and in providing/withholding information with respect thereto, defendants violated Plaintiff's constitutional right to due process and fair trial under the New York State Constitution and under the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to be free of deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

73.     As a result of the foregoing, Plaintiff MADISON SHIVER sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

- 9 -

74.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

75.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## EIGHTH CAUSE OF ACTION

## Negligence

76.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 75 with the same force and effect as if more fully set forth at length herein.

77.     Defendants owed a duty of care to Plaintiff.

78.     To the extent defendants claim that the injuries to Plaintiff by the defendant police officer were unintentionally caused and that the force used by the defendant against them was unintentional, then the defendant breached that duty of care by causing physical injury to the Plaintiff and subsequently leaving them in a holding cell for hours still in extremely tight plastic cuffs.

79.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

80.     All of the foregoing occurred without any fault or provocation by Plaintiff.

81.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

82.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## NINTH CAUSE OF ACTION

## Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

- 10 -

84. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force and effect as if more fully set forth at length herein.

85. The use of excessive force by defendants by, amongst other things, charging and punching the Plaintiff, grabbing and throwing them to the ground, and kneeling on their back for several minutes, constituted objectively unreasonable physical seizures of Plaintiff in violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

86. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## TENTH CAUSE OF ACTION

### Assault

87. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 86 with the same force and effect as if more fully set forth at length herein.

88. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, that such acts caused apprehension of such contact in the Plaintiff.

89. As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

90. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

91. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

92. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## ELEVENTH CAUSE OF ACTION

- 11 -

## **Battery**

93.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

94.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner, punched Plaintiff in the torso and upper legs, and slammed Plaintiff by the hair into the pavement, causing bruises and lacerations, with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

95.     As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

96.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

97.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

98.     As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## **TWELFTH CAUSE OF ACTION**

## **Negligent Infliction of Emotional Distress**

99.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 98 with the same force and effect as if more fully set forth at length herein.

100.  By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff, MADISON SHIVER.

101.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed Plaintiff by the laws and Constitution of the State of New York.

102.  As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

- 12 -

103.  Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

104.  The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

105.  As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## THIRTEENTH CAUSE OF ACTION

## Deliberate Indifference to Medical Needs

106.  The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 105 with the same force and effect as if more fully set forth at length herein.

107.  Despite being aware that Plaintiff was suffering through severe pain from the excessively tight zip cuffs and required additional treatment from medical professionals, defendants delayed Plaintiff's medical treatment and refused to administer and/or properly procure immediate and adequate medical attention.

108.  This delay in medical treatment for Plaintiff's injuries resulted in pain and injury that could have been prevented had Plaintiff received treatment in a timely manner.

109.  As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

110.  Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Department of Corrections, which are therefore responsible for their conduct.

111.  The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

112.  As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTEENTH CAUSE OF ACTION

- 13 -

## **Malicious Prosecution**

113.  The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 112 with the same force and effect as if more fully set forth at length herein.

114.  The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and New York State common law.

115.  Defendants commenced and continued a criminal proceeding against Plaintiff.

116.  There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiff and for the charges for which they were prosecuted.

117.  The prosecution and criminal proceedings against the Plaintiff were terminated on the aforementioned date.

118.  As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York and the United States Constitution.

119.  The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.  As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## **FIFTEENTH CAUSE OF ACTION**

## **Negligent Hiring, Retention, Training and Supervision**

121.  The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 120 with the same force and effect as if more fully set forth at length herein.

122.  The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

123.  As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

- 14 -

## SIXTEENTH CAUSE OF ACTION

### Failure to Intervene

124. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 123 with the same force and effect as if more fully set forth at length herein.

125. The defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

126. Defendants failed to intervene to prevent the unlawful conduct described herein.

127. As a result of the foregoing, Plaintiff's liberty was restricted, their rights were violated, they were put in fear for their safety, physically injured, falsely arrested and unlawfully imprisoned, and psychologically traumatized.

128. As a direct and proximate result of such acts, defendants deprived Plaintiff of their rights under the laws of the State of New York.

129. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

130. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

131. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## JURY DEMAND

132. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MADISON SHIVER demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees

- 15 -

inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated:        New York, New York
              March 9, 2021

                              By:  *Caitlin Robin*
                              CAITLIN ROBIN, ESQ.
                              CAITLIN ROBIN AND ASSOCIATES PLLC
                              Attorney for Plaintiff
                              30 Broad Street Suite 702
                              New York, New York 10004
                              (646)-524-6026

TO:    THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY  10007

       NYPD POLICE OFFICER RODRIGUEZ, SHIELD NO. 3458, 40th Precinct; 257 Alexander Avenue, Bronx, NY 10454

- 16 -

Case 1:21-cv-02992-PAC   Document 1-1   Filed 04/07/21   Page 18 of 18

## ATTORNEY'S VERIFICATION

**CAITLIN ROBIN,** an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of **CAITLIN ROBIN AND ASSOCIATES PLLC,** I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is because Plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
        March 9, 2021

*Caitlin Robin*
CAITLIN ROBIN

- 17 -